# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Shannon Adaway, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Nelson Hirsch & Associates Inc., | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Milwaukee, Wisconsin at all times relevant to this action.

2. Defendant is a Georgia Corporation that maintained its principal place of business in Tyrone, Georgia at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an alleged obligation originally owed to Quik Payday, which Plaintiff had incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. In or around early October 2010, Defendant's employee ("Ms. Love") telephoned Plaintiff's aunt ("Gwendolyn") in connection with the collection of the debt.

13. During this communication, Ms. Love falsely represented to Gwendolyn that Plaintiff had committed fraud and that Defendant was investigating Plaintiff.

14. During this communication, Ms. Love falsely represented to Gwendolyn that Plaintiff had provided Defendant with Gwendolyn's telephone number.

15. After this communication, Ms. Love telephoned Gwendolyn on at least one more occasion in early October 2010 in connection with the collection of the debt.

16. On or around October 12, 2010, Plaintiff telephoned Defendant and spoke to Ms. Love after learning of Defendant's call to Gwendolyn.

17. During this communication, Ms. Love spoke to Plaintiff in a belligerent manner and accused Plaintiff of committing fraud, so Plaintiff hung up the telephone.

18. On or around October 12, 2010, Plaintiff telephoned Defendant and asked to speak to Ms. Love's supervisor.

19. During this communication, another of Defendant's employees ("Jon") claimed to be Ms. Love's supervisor and spoke to Plaintiff.

20. During this communication, Jon reiterated that Plaintiff was being investigated for fraud.

21. During this communication, Plaintiff informed Jon that she was in the process of filing bankruptcy and Jon responded by falsely representing that Plaintiff's bankruptcy would be dismissed.

22. During this communication, Jon falsely represented that Plaintiff would be prosecuted unless she paid Defendant.

23. Defendant caused Plaintiff emotional distress.

24. Defendant violated the FDCPA.

## **COUNT ONE**

25. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

26. In support hereof, Plaintiff incorporates paragraphs 12-15 as if specifically stated herein.

## **COUNT TWO**

### **Violation of the Fair Debt Collection Practices Act**

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

28. In support hereof, Plaintiff incorporates paragraphs 12-22 as if specifically stated herein.

## **COUNT THREE**

### **Violation of the Fair Debt Collection Practices Act**

29. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

30. In support hereof, Plaintiff incorporates paragraphs 12-14 and 18-22 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

32. In support hereof, Plaintiff incorporates paragraphs 12-22 as if specifically stated herein.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff